We'll turn to the second case on the calendar, which is Mateo v. Carina. May I have a moment, Your Honors? Thank you, Mr. Mateo. The New York Court of Appeals in Mangini v. McClure stated as follows when, with respect to this Court's review of general releases, quote, realistically, it would seem the better view not to rest any distinction upon what may be no more than the Scrivener's strategic device or an inadvertence, end quote. And under those circumstances, when that exists, it is fair for the reviewing court to go beyond the direct language of a general release. And what the record makes clear is that we have inadvertence here. It was a mistake not to carve out the federal court action. And when one looks at the record before the district court, every piece of information reflects that nobody from Mr. Mateo's side perspective contemplated the release of the federal court action. All the paperwork, obviously I'm excluding the carve-out language of the general release, but the e-mail correspondence, the stipulation of discontinuance, the settlement agreement itself, every piece of paper reflected that the intent of the parties was to settle the state court action. And it makes sense because these are very different claims. And just to be clear, I am very mindful of the Court's summary orders, Tromp and the other two subsequent decisions. And I am not arguing that the language, for example, in the stipulation of settlement, that the settlement agreement is not admissible in any other litigation. I'm not pressing that argument. But collectively, when one looks at the documents, one sees that it was inadvertence. And under those circumstances, it makes sense to set aside the settlement agreement and allow Mr. Mateo to proceed with his federal claims. And again, these were very different claims. One was for excessive force, battery and excessive force, where the primary damages were physical injuries. And then the Federal Court action involved a fabrication of evidence claim. The malicious prosecution claim got dismissed, but the fabrication of evidence where the primary source of damages is the loss of liberty. Excuse me. And despite Mr. Carina's efforts to distinguish this case, say, from Pataknik, the general release in Pataknik is virtually identical to the one here. And it's the same sweeping language, whether you call it from the beginning of time to the date of this general release, you have the same circumstances. The arguments are fairly laid out in both parties' briefs. If the Court has any questions for me, I'm here, obviously. But if not, we rest on our arguments. Ms. West. Good morning, Your Honors. May it please the Court. I'm Melanie West for the appellee. The District Court correctly found that this suit was barred by the unambiguous terms of the general release that was executed after this lawsuit was commenced. So the personal injury lawsuit was commenced in June 2014. This suit was commenced some five months later by the same attorneys, and both were pending at the time that the general release was executed in February 2017. The release is unambiguous as to its terms, and it specifically included an opportunity for Mr. Mateo to carve out any Federal lawsuits, any State lawsuits, any pre- Tandem settlement. I'm sorry? Tandem settlement. That is a settlement agreement that was signed or executed at around the same time. Yes, it was separately executed about a month earlier, I believe, in January 2017, the stipulation of settlement. Does that refer at all to the Federal claim? No, it does not. And that document is settling the personal injury lawsuit, and it relates. As in the Walker case, as in Trump, as in Fernandez, the stipulation of settlement in this case, too, refers only to the personal injury action. But the general release is a separate document, and if it is limited to the personal injury action, it has no additional meaning or effect. Is there an opportunity for someone to sign just a settlement, the settlement agreement, without agreeing to sign the general release? I don't believe so, but, again, the general release does provide an opportunity to carve out any existing lawsuits or claims, and that opportunity was not taken here. And, again, Mr. Mateo was counseled. He was, in fact, represented by the same attorneys who filed this lawsuit and were undoubtedly aware of it. The fact that it's boilerplate language doesn't make it meaningless. Not Mr. Cornbell. No, no, no, of course. The fact that it's boilerplate doesn't render it meaningless, in order to mean anything, the general release has to mean more than the stipulation of settlement, and it's clear from the terms of it that it does. The fact that it contemplates carving out other lawsuits shows that, without that, it extends beyond the four corners of the personal injury suit. Unless there are further questions for me. This form stipulation, is this a so-called Blumberg form, or do they not exist anymore? Who made these forms? I don't know the answer to that. Thank you. What is it, from the beginning of the world? Yes, Judge, from the beginning of the world, or something similar in language. I don't think any respected author of fiction would use such language. I think it runs afoul of virtually every rule by Elmore Leonard or Stephen King. But having said that, there's two points I'd like to make. One is that while it is correct that the attorneys who commenced the state court action also commenced and filed the federal court action, in the record it's clear they dropped out pretty quickly, and then John Nornsberg represented Mr. Mateo therein, and the state court lawyers had no involvement thereafter. Ms. West asked, and we addressed this in our reply brief, if the release that she states or that Karina states, well, the general release would be meaningless otherwise, but that's not right. It is on its face. It would bar any other claims that ---- The mistake was made by not specifically excluding it as provided. Correct. Oh, of course. And that's where we're referring to the ---- that was the inadvertence. That is the mistake that ---- Oh, no, no. No, but I couldn't say this is ambiguous. It's not. You know, it should have been carved out. You're relying on inadvertence as the ---- Correct. Inadvertence, yes. It's a mistake. It's a unilateral mistake, and Mr. Mateo is prepared to do what it takes, even if it means rescinding that agreement to proceed with his Federal claims. They're very different claims. If anything, an injustice took place. He should have the opportunity to proceed with his Federal action because a wrong was done. Whether a jury will agree or not, that's for the jury to decide. But a mistake was made. Thank you. Thank you, sir. Thanks. Thank you. Thank you. Thank you.